IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ALEXANDER and JAMES LEE REED, individually and on behalf of all others similarly situated | : : : : | CIVIL ACTION NO. 07-4426 |
| v. | : : | |
| WASHINGTON MUTUAL, INC.; WASHINGTON MUTUAL BANK; WASHINGTON MUTUAL BANK FSB; and WM REINSURANCE MORTGAGE REINSURANCE COMPANY | : : : : : | |

O'NEILL, J.                                                                                     AUGUST 4, 2007

## MEMORANDUM

On October 22, 2007 plaintiffs Robert Alexander and James Lee Reed filed a class action complaint alleging that defendants Washington Mutual, Inc.; Washington Mutual Bank; Washington Mutual Bank fsb; and WM Reinsurance Mortgage Reinsurance Company violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq., by collecting illegal referral payments in the form of excessive reinsurance premiums.

On June 30, 2008 I denied defendants' motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Before me now are defendants' motion for reconsideration or in the alternative request for 28 U.S.C. § 1292(b) certification and plaintiffs' response.

## DISCUSSION

I.   Motion for Reconsideration

Local Civil Rule 7.1(g) allows parties to file motions for reconsideration in this Court.

E.D. Pa. R. 7.1(g). "The purpose of the motion for reconsideration is to correct manifest error of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended where the party seeking reconsideration establishes "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'" Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation omitted). Finally, "[b]ecause of the interest in finality . . . courts should grant motions for reconsideration sparingly." Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Defendants submit that their motion for reconsideration should be granted to correct a clear error of law and to prevent manifest injustice. Specifically defendants argue that: (1) the reasoning in Kahrer v. Ameriquest Mortgage Co., 418 F. Supp. 2d 748 (W.D. Pa. 2006) – which I adopted in my June 30 memorandum and Order – that RESPA provides consumers with a private right to participate in settlements from kickback schemes is incorrect as a matter of law; and (2) RESPA's structure and plain language demonstrate that plaintiffs must allege a settlement service overcharge to state a claim under Section 8 of RESPA.

Defendants' argument merely asks me to rethink my decision to adopt the reasoning of

2

the Kahrer line of cases in favor of the conflicting reasoning a series of decisions from other jurisdictions. In my prior opinion, after considering the conflicting case law on the precise issues raised in the present motion and the cases cited by both parties, I stated:

> I find the reasoning of Kahrer to be more persuasive than that of [Morales v. Attorneys' Title Insurance Fund, Inc., 983 F. Supp. 1418 (S.D. Fla. 1997)] and accordingly conclude that under the plain language of the statute and its legislative history a plaintiff who is entitled to damages under § 8(d)(2) can seek three times the full amount he paid for any settlement services. Under the Kahrer line of cases, with which I agree, RESPA provides that plaintiffs have a right to purchase settlements services from providers who do not participate in an illegal kickback scheme.

Defendants' present motion is not founded on a clear error of law but on their contention that I should have favored the reasoning of Morales over that of Kahrer. As plaintiffs note in their response, the mere existence of conflicting authority that accords with defendants' position does not compel me to alter or amend my decision. I also note that defendants' present motion largely adopts the District Court for the Northern District of Ohio's analysis of § 2607(d)(2) in Carter v. Welles-Bowen Realty, Inc., 493 F. Supp. 2d 921, 924 (N.D. Ohio 2007), a decision I expressly determined not to follow because in my opinion it conflicts with the plain meaning of RESPA.[1]

---

[1] In footnote six of my June 30 memorandum and Order I stated:

> Defendants urge that the Northern District of Ohio's decision in Carter, which expressly rejected the reasoning of Kahrer and agreed with Morales and [Moore Moore v. Radian Group, Inc., F. Supp. 2d 819 (E.D. Tex. 2002)] is better reasoned than Kahrer and more consistent with RESPA's history and purpose. See Carter, 493 F Supp. 2d at 927. However, I, like the Court in Kahrer, conclude that the reading proposed by Carter and Morales is in conflict with the plain meaning of RESPA: "[T]he literal language of § 2607(d)(2) provides for three times the amount of *any charge* paid for the settlement services which would appear to encompass all of the charges associated with the services provided rather than only treble the amount of any overpayment. . . . Moreover, the

3

Because defendants base their motion to reconsider on repetitive arguments that I have already fully examined, I will deny defendants' motion for reconsideration.

II.     Certification Under 28 U.S.C. § 1292(b)

In the alternative defendants request that I certify the standing question for immediate interlocutory appeal under 28 U.S.C. § 1292(b). Before certifying a question to the Court of Appeals a district court must determine: (1) the certified Order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question, and (3) an immediate appeal from the Order may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).

The Court of Appeals has held that "[t]he certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present." Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); see Fox v. Horn, 2000 WL 288388, at *1 (E.D. Pa. Mar. 13, 2000) ("The decision to certify an order for appeal under § 1292(b) lies within the sound discretion of the trial court."). "[C]ertification is only appropriate in 'exceptional' cases." Piazza v. Major League Baseball, 836 F. Supp. 269, 270 (E.D. Pa. 1993). Accordingly "[a] district court should be mindful of the strong policy against piecemeal appeals when exercising its discretion." Koken v. Viad Corp., 2004 WL 1240672, at *1 (E.D.

---

language relied upon by the Court in Morales – that recovery may be had by the person charged for the settlement services involved in the violation – does not, in our view, suggest that only the overpayment is to be trebled." Kahrer, 418 F. Supp. 2d at 753 (emphasis in original) (citations and internal quotation marks omitted).

4

Pa. May 11, 2004), citing Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 321 (E.D. Pa. 1994).

A.    Controlling Question of Law

The Court of Appeals has asserted that "[t]he clear case of a controlling question of law" is "one which would result in a reversal of a judgment after final hearing." Katz, 496 F.2d at 755. "When determining whether an issue presents a controlling question of law, the emphasis is on whether a different resolution of the issue would eliminate the need for trial." Koken, 2004 WL 1240672, at *1.

Defendants presently seek to appeal my determination that plaintiffs have standing to bring their RESPA claim. Because judgment would be reversible on final appeal if this determination is erroneous and a different resolution of the issue would eliminate the need for trial, I conclude that it involves a controlling question of law. Therefore the first element of § 1292(b) is satisfied.

B.    Substantial Grounds for Difference of Opinion

"Substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." Bradburn Parent Teacher Store, Inc. v. 3M, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005). "It is the duty of the district judge faced with a motion for certification to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (emphasis omitted).

The question that defendants seek to certify is whether plaintiffs may demonstrate an

injury in fact sufficient to establish Article III standing[2] where they allege that defendants collected illegal referral or kickback payments in the form of captive reinsurance but fail to allege an overcharge for settlement services. In other words, the question presented is whether a settlement services overcharge is an element of a private cause of action under RESPA. See Capell v. Pulte Mortgage LLC, 2007 WL 3342389, at *4 (E.D. Pa. Nov. 7, 2007). As I recognized in my prior opinion there is a split of authority with respect to this question. Other judges in this jurisdiction have similarly recognized the split: "One line of cases . . . holds that to maintain a RESPA claim a plaintiff must allege an overcharge for settlement services. . . . Another line of cases . . . holds that RESPA § 8(d)(2)'s 'any charge paid' language includes all of the relevant settlement charges, and thus no overcharge is necessary to sustain a claim." Capell, 2007 WL 3342389, at *4 (Dalzell, J.) (citing cases).

The recent decisions grappling with this issue within the jurisdiction of the Court of Appeals, like my prior opinion, determined based on the plain language of the statute that no overcharge is necessary to sustain a RESPA claim. See Capell, 2007 WL 3342389 (E.D. Pa. Nov. 7, 2007); Yates v. All Am. Abstract Co., 487 F. Supp. 2d 579 (E.D. Pa. 2007); Kahrer, 418 F. Supp. 2d 748 (W.D. Pa. 2006). Despite this trend in the case law I conclude that defendants' § 1292(b) request is based on more than mere disagreement with my prior opinion, and, though I

---

[2]For plaintiffs have constitutional standing they must establish: (1) an injury in fact, i.e., invasion of a legally protected interest that is (a) concrete and particularized and (b) actual and imminent (rather than conjectural or hypothetical); (2) a causal connection between plaintiffs' injury and defendants' conduct, i.e., no intervening, independent action of a third party caused plaintiffs' injury; and (3) it is likely, and not merely speculative, that a favorable decision will redress plaintiffs' injury. Capell v. Pulte Mortgage LLC, 2007 WL 3342389, at *3 (E.D. Pa. Nov. 7, 2007), citing Trump Hotel & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 484-85 (3d Cir. 1998). Standing may exist "solely by virtue of statutes creating legal rights, the invasion of which creates standing." Capell, 2007 WL 3342389, at *3, quoting Warth v. Seldin, 422 U.S. 490, 500 (1975).

continue to find the reasoning of Kahrer to be more persuasive than that of Morales, I recognize the arguments supporting the opposite conclusion. Each of the above-cited decisions supporting my prior opinion acknowledged the conflicting analysis followed by the Morales line of cases, and one recent case from the Northern District of Ohio, Carter v. Welles-Bowen Realty, Inc., 493 F. Supp. 2d 921 (N.D. Ohio 2007), expressly rejected the reasoning of Kahrer after a thorough analysis. Finally, the Court of Appeals has not yet ruled on the issue.

I find that the conflicting authority provides substantial grounds for difference of opinion regarding whether plaintiffs must allege a settlement services overcharge to maintain a RESPA claim. Therefore the second element of § 1292(b) is satisfied.

C.      Material Advancement of Litigation's Ultimate Termination

For the third element of § 1292(b) courts will examine practical considerations such as "whether an immediate appeal would 1) obviate the need for a trial; 2) eliminate complex issues thereby greatly simplifying the trial; [or] 3) eliminate issues thus making discovery much easier and less costly." Zygmuntowicz v. Hospitality Invs., Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993).

I find that immediate interlocutory appeal of the standing question will materially advance the ultimate termination of the litigation. Most significantly, the Court of Appeals may direct dismissal of plaintiffs' complaint if it disagrees with my determination of the standing question. Furthermore, because "a significant amount of time, funds, and effort will necessarily be expended by the parties and the court if this matter proceeds to resolution of the substantive merits of [the] complaint," Max Daetwyler Corp., 575 F. Supp. at 282, practical considerations encourage immediate appeal here. Therefore the third element of § 1292(b) is satisfied.

I conclude that all three elements of § 1292(b) are satisfied. Though I am mindful of the

strong policy against piecemeal appeals, I find that practical and legal considerations sufficiently warrant certification of the question of plaintiffs' standing for immediate interlocutory appeal. Accordingly I will grant defendants' request for § 1292(b) certification.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ALEXANDER and JAMES LEE REED, individually and on behalf of all others similarly situated | : : : : | CIVIL ACTION NO. 07-4426 |
| v. | : : | |
| WASHINGTON MUTUAL, INC.; WASHINGTON MUTUAL BANK; WASHINGTON MUTUAL BANK FSB; and WM REINSURANCE MORTGAGE REINSURANCE COMPANY | : : : : : | |

ORDER

AND NOW, this 4th day of August 2008, upon consideration of defendants' motion for reconsideration or in the alternative request for 28 U.S.C. § 1292(b) certification and plaintiffs' response, and for the reasons set forth in the accompanying memorandum, it is ORDERED that defendants' motion for reconsideration is DENIED and defendants' motion for certification is GRANTED. My Order of June 30, 2008 is hereby CERTIFIED to the Court of Appeals for review pursuant to 28 U.S.C. § 1292(b).

It is further ORDERED that this matter is STAYED pending outcome of appeal.

s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.