IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ALEXANDER and JAMES LEE REED, individually and on behalf of all others similarly situated | : : : : | CIVIL ACTION NO. 07-4426 |
| v. | : : | |
| WASHINGTON MUTUAL, INC.; WASHINGTON MUTUAL BANK; WASHINGTON MUTUAL BANK FSB; and WM REINSURANCE MORTGAGE REINSURANCE COMPANY | : : : : : | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT,
CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF PLAN OF
ALLOCATION, APPOINTMENT OF CLASS REPRESENTATIVE, AND
APPOINTMENT OF LEAD CLASS COUNSEL AND CLASS COUNSEL**

Upon review and consideration of the Settlement Agreement and the exhibits annexed thereto (collectively, the "Agreement"), relating to the above-captioned case (the "Action"), the Final Approval Hearing held on November 27, 2012, and after consideration of all of the pleadings, papers, and filings in this Action, and the presentations of counsel for both sides regarding the Settlement, and any objections to the Settlement,

IT IS HEREBY ORDERED and adjudged as follows:

1. The terms that are capitalized in this Order shall have the meaning ascribed to those terms in the Agreement, unless otherwise specified herein.

2. Pursuant to Federal Rule of Civil Procedure 23(e), the terms of the Agreement are hereby finally approved as a fair, reasonable and adequate settlement of this Action in light of the factual, legal, practical and procedural considerations raised by this Action.

3.     Solely for the purpose of the Settlement, and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies the following Class: All borrowers with residential mortgage loans closed on or after December 22, 2005 through September 25, 2008 that were originated by Washington Mutual Bank ("WMB") or Washington Mutual Bank fsb ("WMBfsb") and reinsured by WM Mortgage Reinsurance Company, Inc. ("WMMRC") or its subsidiaries, excluding borrowers with residential mortgage loans purchased on the secondary market and residential mortgage loans insured with lender-paid mortgage insurance ("LPMI").

4.     The Court appoints James Lee Reed as representative of the Class.

5.     The Court appoints the law firm Kessler Topaz Meltzer & Check, LLP as Lead Class Counsel, and the law firms of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, Berke, Berke & Berke, and Travis Calhoun & Conlon as Class Counsel (collectively, "Plaintiff's Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

6.     The Court finds that the Class Notice was provided to Class Members in this Action in compliance with the Court's Preliminary Approval Order and the Agreement, and was the best notice practicable under the circumstances and satisfies the requirements of Federal Rule of Civil Procedure 23, the Due Process Clause of the United States Constitution and other applicable laws.

7.     The Court further finds, in light of the current posture of this case, and after due consideration to the pleadings, papers and full record in this Action, and the presentations of counsel, and after a Final Approval Hearing, that:

    a.     The Class is so numerous that joinder of all members is impracticable.

      b.      There are questions of law or fact common to the Class.

      c.      The claims of Representative Plaintiff James Lee Reed are typical of the claims of the Class that Representative Plaintiff seeks to certify.

      d.      Representative Plaintiff and Plaintiff's Counsel will fairly and adequately protect the interests of the Class.

      e.      The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members.

      f.      Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

8.      After due consideration of Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; the expected complexity, expense and duration of the Action; the substance and amount of opposition to the Agreement; and the state of proceedings at which the Agreement was achieved, this Court finds that the Agreement is fair, adequate and reasonable. In particular, in light of the significant possibility that Defendant Parties could prevail on the merits based on one or more of the defenses pleaded in their Answer or otherwise, it is clear that the financial settlement terms fall well within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, the Agreement should be and is approved and shall govern all issues regarding the Settlement and the Agreement and all rights of the Parties, including the Class Members. Each Class Member (except those who have excluded themselves from any Class and who appear on

the list attached as Exhibit B to the Affidavit of Jason Zuena, Senior Director of Operations for The Garden City Group, Inc., attached as Exhibit C to the Declaration of Edward W. Ciolko) shall be bound by the terms and provisions of the Agreement, as clarified by the Representative Plaintiff and Defendant Parties[1] and this Order, including the releases and covenants not to sue set forth in the Agreement, which are hereby incorporated by reference and become part of the Final Judgment in this Action.

---

[1] Representative Plaintiff and Defendant Parties agreed to modify the release set forth in Article VI, Section 6.02 of the Agreement to more accurately reflect their agreement that the Parties did not intend to restrict the State's civil enforcement authority. The Release was intended to prevent a class member from obtaining a double recovery. The full language of the release – with the new language in bold, is as follows:

> Upon the date when the Final Approval Order is entered, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiff and each Participating Class Member, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government **seeking actual damages or disgorgement on behalf of a class member or class members**), shall be deemed to have completely released and forever discharged Defendant Parties and the Non-Party Mortgage Insurance Providers (collectively, the "Released Persons") from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including, without limitation, those known or unknown, from the beginning of the world until today, and including without limitation those that arise out of common law, state law, or federal law, including, but not limited to, claims under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §§ 2601 et seq. that: (a) concern the reinsurance of private mortgage insurance on any Reinsured Loan; (b) were raised, or could have been raised in the Action; or (c) arise from any of the transactions or occurrences relating to the reinsurance of private mortgage insurance involving a Class Member that were the subject of the Action. This release shall specifically apply to bar any further dispute about the matters that are within the scope of this release, whether such dispute or issue may arise or be raised in a case filed after the Preliminary Approval Date.

9. The Settlement Administrator shall cause the Settlement Fund to be disbursed in accordance with the Agreement.  Specifically, within seventy-five (75) days of the Effective Date (as defined in Section 1.14 of the Agreement), the Settlement Administrator shall cause each Class Member who did not file a timely request for exclusion to be paid a pro rata share of the Net Settlement Amount based on the number of Reinsured Loans of Participating Class Members, as further limited and approved by the Agreement.

10. Within five (5) business days following the Effective Date, Lead Class Counsel may instruct the Settlement Administrator in writing to mail to Representative Plaintiff James Lee Reed a check in the amount of Two Thousand Five Hundred Dollars ($2,500.00), which the Court finds to be warranted by the activities and leadership undertaken by the Representative Plaintiff.

11. Having awarded Lead Class Counsel attorneys' fees and costs in an amount consistent with Section 5.01 of the Agreement and in the Order Awarding Attorneys' Fees and Costs, dated December 4, 2012 (hereafter, the "Fee Order"), Lead Class Counsel may direct payment of the amount of the fee and cost award from the Settlement Fund, as is set forth in the Fee Order.  Lead Class Counsel has authority to bind Plaintiff's Counsel to the Fee Order and shall at its sole discretion, allocate the attorneys' fees and litigation costs awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of this Action.

12. The Settlement Administrator and Defendant Parties, consistent with the terms and deadlines established in the Agreement, shall prepare the reports and calculations, make any payments, adjustments or remittances required, and otherwise comply with their respective

obligations under Sections 4.02, 4.03, and 4.04 of the Agreement.

13. All claims against Defendant Parties are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter judgment to that effect in the Action. The judgment shall be without costs to any Party.

14. Upon entry of this Order, each and every Participating Class Member, and all those who claim through them or who assert claims or could assert claims on their behalf, are permanently barred from bringing, joining, or continuing to prosecute claims against Defendant Parties, and shall be deemed to have completely released and forever discharged each of the Defendant Parties and the Non-Party Mortgage Insurance Providers (as defined in the Agreement) to the full extent provided in Section 6.02 of the Agreement.

15. This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, and/or enforcement of the Agreement and this Order.

Dated: December 4 , 2012

                                                   *s/Thomas N. O'Neill, Jr.*
                                                   THOMAS N. O'NEILL, JR., J.