IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ALEXANDER and JAMES | : | CIVIL ACTION |
| LEE REED, individually and on behalf of | : | NO. 07-4426 |
| all others similarly situated | : | |
| | : | |
| v. | : | |
| | : | |
| WASHINGTON MUTUAL, INC.; | : | |
| WASHINGTON MUTUAL BANK; | : | |
| WASHINGTON MUTUAL BANK FSB; and | : | |
| WM REINSURANCE MORTGAGE | : | |
| REINSURANCE COMPANY | : | |

O'NEILL, J.                                                                December 4, 2012

### MEMORANDUM

Now before me for decision is an unopposed motion for an award of attorneys' fees, litigation costs and case contribution award for representative plaintiff (Dkt. No. 96).[1]  After reviewing the motion and holding a final fairness hearing on November 27, 2011 at which no one appeared to object on behalf of the class I will grant the unopposed motion.

Class counsel request an award of attorneys' fees in the amount of $1,200,000 and reimbursement of litigation expenses in the sum of $33,078.33, for a total amount of $1,222,078.33 to be paid from the Settlement Fund.  In addition, representative plaintiff requests that he be awarded a case contribution award in the amount of $2,500 in recognition of his service to this action.  Awarded amounts are to be paid from the settlement fund and in accordance with the terms of the settlement agreement.

---

[1]        I consider a related unopposed motion for final approval of class action settlement, certification of settlement class, approval of plan of allocation, appointment of class representative and appointment of lead class counsel and class counsel (Dkt. No. 95) in a separate opinion.

## I.        Attorneys' Fees

"Class counsel in a class action who recovers a common fund for the benefit of persons other than himself or a client is entitled to a fair and reasonable award of attorneys' fees from the fund as a whole."  In re Am. Investors Life Ins. Co. Annuity Mktg.and Sales Practices Litig., 263 F.R.D. 226, 234 (E.D. Pa. 2009), citing Boeing Co. v. Van Gemert, 444 U.S. 472, 278 (1980). Application of the common fund doctrine "prevent[s] . . . inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefitted by the suit." Boeing, 44 U.S. at 478.  The Court of Appeals for the Third Circuit generally favors the percentage-of-recovery method for fee calculation in common fund cases.  See, e.g. In re Diet Drugs, 582 F.3d 524, 540 (3d Cir. 2009) (citation omitted) ("In common fund cases such as this one, the percentage-of-recovery method is generally favored.").  Applying this method, lead class counsel request $1.2 million of the $4 million settlement fund, which amounts to 30% of the total recovery.

### A.        Analysis under the percentage-of-recovery method

The Court of Appeals requires consideration of the following factors in determining a reasonable fee award in common fund cases:

> (1) the size of the fund created and the number of persons
> benefitted; (2) the presence or absence of substantial objections by
> members of the class to the settlement terms and/or fees requested
> by counsel; (3) the skill and efficiency of the attorneys involved;
> (4) the complexity and duration of the litigation; (5) the risk of
> nonpayment; (6) the amount of time devoted to the case by
> plaintiffs' counsel; (7) the awards in similar cases.

Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 195 n.1 (3d Cir. 2000).  I should also consider:

> (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement.

Sullivan v. DB Investments, Inc., 667 F.3d 273, 331 (3d Cir. 2011) (internal quotation and citations omitted).  These factors "need not be applied in a formulaic way . . . and in certain cases, one factor may outweigh the rest."  Gunter, 223 F.3d at 195 n.1.  District courts must "engage in robust assessments of the fee award reasonableness factors when evaluating a fee request."  In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 302 (3d Cir. 2005).  After such a consideration, I find that these factors weigh in favor of approving the attorneys' fee petition in this case.

### 1.   The size of the fund and the number of beneficiaries

The value of the benefit obtained for the class is an important factor in determining whether the requested fee is reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).  The Settlement Agreement establishes a common fund of $4 million and notice has been disseminated to 42,584 class members.  In light of the risks faced in this litigation, counsels' efforts have resulted in a substantial recovery on behalf of the class members.  I find that this factor favors the requested fee award.

### 2.   The presence or absence of substantial objections by class members

No objections have been filed in this matter.  This factor therefore favors the award of plaintiffs' counsel's requested fee.

### 3.      The skill and efficiency of the attorneys involved

In evaluating the skill and efficiency of the attorneys involved, courts have looked to "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." In re Ikon Office Solutions, Inc. Sec. Litig., 194 F.R.D. 166, 194 (E.D. Pa. 2000).  Class counsel include skilled attorneys with experience in class actions and RESPA litigation, as illustrated by the declaration and exhibits accompanying the fee application.  Dkt. No. 97.  Moreover, the defendants were represented by experienced attorneys with a background in RESPA litigation. This factor also favors approval of the fee award.

### 4.      The complexity and duration of the litigation

Plaintiffs' case involves complex claims and defenses that have been litigated for more than four years.  Class counsel have participated in court hearings and mediation sessions and submitted a number of well-researched filings to the Court.  Absent settlement, litigation would likely continue for well over a year and would require both plaintiffs and defendants to incur considerable expert witness fees and other expenses.  I find that the complexity and duration of the litigation weigh in favor of the requested award of fees.

### 5.      The risk of nonpayment

Class counsel, whose fee is contingent on a favorable outcome, have prosecuted this complex case for more than four years without any guarantee of payment.  "Any contingency fee [arrangement] includes a risk of no payment."  O'Keefe v. Mercedes-Benz USA, LLC, 214 F.R.D. 266, 309 (E.D. Pa. 2003).  Further, "[c]ourts have found that this factor favors a fee

application when defendants . . . lack significant unencumbered assets from which a judgment could be obtained."  In re Janney Montgomery Scott LLC Fin. Consultant Litig., No. 06-3202, 2009 WL 2137224, at *15 (E.D. Pa. July 16, 2009).  Given Washington Mutual's bankruptcy and its impact on the other defendants in this action, plaintiffs have faced a risk that there would be no funds remaining to satisfy a judgment.  This factor weighs in favor of the Court's award of attorneys' fees.

### 6.      The amount of time devoted to the case by Class Counsel

Plaintiffs' counsel have spent 1,963 combined hours in prosecuting this case on behalf of the settlement class.  Time was spent investigating class' claims, filing the complaint, litigating a motion to dismiss, pursing claims in bankruptcy court, consulting with expert witnesses and participating in mediation sessions.  Such time, which was reasonably spent to prepare for this complex class action, weighs in favor of the requested fee award. .

### 7.      The awards in similar cases

The requested fee award amounts to 30% of the settlement fund.  This percentage fits within the range of approved fee amounts in other class actions.  See, e.g., In re Linerboard Antitrust Litig., Nos. 98-5055, 99-1000, 99-1341, 2004 WL 1221350, at *14 (E.D. Pa. June 2, 2004) (citing a Federal Judicial Center study that found that the median attorneys' fee award in federal class actions was between 27% and 30%).  Importantly, this amount also fits within the range of approved fee awards in other cases involving similarly complex issues where there were few or no objectors to a proposed class action settlement.  See, e.g., In re Auto. Refinishing Paint Antitrust Litig., MDL NO 1426, 2008 WL 63269, at *5-6 (E.D. Pa. Jan. 3, 2008) (approving an award of 33.33% of the settlement fund); In re Ravisent Techs., Inc., Sec. Litig, No. 00-1014,

2005 WL 906361, at *10-11 (E.D. Pa. Apr. 18, 2005) (same); In re Aetna Inc. Sec. Litig., MDL

No. 1219, 2001 WL 20928, at *15-16 (E.D. Pa. Jan. 4, 2001) (approving a 30% fee award).  I

find that fee awards made in similar cases support the proposed fee here.

### 8.    The value of benefits attributable to Class Counsel

Class Counsels' relevant experience, as is set forth in more detail in my companion

opinion approving the class action settlement, allowed them to more effectively and efficiently

litigate and negotiate the resolution of this case.  "There is no contention, by objectors or

otherwise, that the settlement could be attributed to work done by other groups, such as

government agencies."  Esslinger v. HSBC Bank Nevada, No. 10-3213, 2012 WL 5866074, at

*14 (E.D. Pa. Nov. 20, 2012).  This factor supports the requested attorneys' fees.

### 9.    Fee that would have been negotiated in contingent fee arrangement

"[T]he goal of the fee setting process is to 'determine what the lawyer would have

received if he were selling his service in the market rather than being paid by Court Order.'"  In

re Linerboard Antitrust Litig., 2004 WL 1221350, at *15, quoting In re Cont'l Ill. Secs. Litig.,

962 F.2d 566, 572 (7th Cir. 1992).  "In private contingency fee cases, lawyers routinely negotiate

agreements for between 30% and 40% [ ] of the recovery.  Esslinger, 2012 WL 5866074, at *14,

citing In re Ins. Brokerage Antitrust Litig., 282 F.R.D. 92, 123 (D.N.J. 2012); In re Ikon, 194

F.R.D. at 194.  The requested fee is within this range and this factor weighs in favor of the

Court's award of attorneys' fees.

### 10.    Any innovative terms of settlement

Class counsel contends that the settlement agreement is innovative in that it provides an

incentive for class members to timely negotiate their settlement payments and that it will insure

that a large percentage of class members receive compensation under the agreement.  While I agree that the terms of the settlement support the aforementioned benefits, class counsel do not elaborate on how these terms are particularly innovative.  I find that this factor neither weighs in favor or against the proposed fee request.

 **B.**  **Lodestar Cross-check**

 Analysis of the factors set forth above supports granting the proposed fee award of $1,200,000.  The Court of Appeals has "suggested that district courts cross-check the percentage award at which they arrive against the 'lodestar' award method."  Gunter, 223 F.3d at 195 n.1.  A lodestar award "is calculated by multiplying the number of hours reasonably worked on a client's case by a reasonable hourly billing rate for such services based on the given geographical area, the nature of the services provided, and the experience of the attorneys "  Chakejian v. Equifax Info. Servs., LLC, 275 F.R.D. 201, 216 (E.D. Pa. 2011) (internal quotation omitted).  "The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting. The district courts may rely on summaries submitted by the attorneys and need not review actual billing records."  In re Rite Aid, 396 F.3d at 306-07 (footnote omitted), citing In re Prudential Ins. Co. of Am. Sales Practices Litig. Agent Actions, 148 F.3d 283, 342 (3d Cir. 1998).

 Class counsel claim to have devoted over 1,963 hours to litigating and settling this action not including time still to be spent in implementing the settlement.  I find that the hours spent are reasonable given the complexity of this matter.  Further, upon review of the submissions from class counsel, I find that work on this matter was appropriately distributed between partners and other attorneys and staff.  No time is included in the fee petition on work performed in connection with the fee and expense application.

Considering the time spent and applying hourly rates at or below the usual and customary hourly rates charged for other similar matters, class counsel have calculated the lodestar to be $884,858.75. Dkt. No. 96-1 at ECF p. 40. This is less than the fee they have requested. Using a lodestar of $884,858.75, the requested award of $1,200,000 in attorneys' fees yields a multiplier of 1.36. The Court of Appeals has recognized that multipliers "ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." In re Prudential, 148 F.3d at 341; see also AT & T Corp., 455 F.3d 160, 173 (3d Cir. 2006) (finding that 1.28 and 2.99 were acceptable multipliers). Given the facts of this case and the absence of objections to the requested fees, I find that a lodestar multiplier of 1.36 is acceptable and does not require that I reduce the amount of the requested attorneys' fee award. Accordingly, I will award class counsel the requested $1,200,000 in attorneys' fees.

## II.    Expenses

Plaintiffs' counsel seek reimbursement of $33,078.33 from the settlement fund for their litigation expenses. "[C]ounsel in common fund cases is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the case." In re Cendant Corp. Derivative Action Litig., 232 F. Supp. 2d 327, 343 (D.N.J. 2002) (quotation omitted). The expenses submitted by plaintiffs' counsel have been documented. See Dkt. No. 97-2 at ECF p. 40-42, 5865-68, 73,75-77, 83. They reflect expenditures for purposes of prosecuting this action, including filing fees, electronic research, travel and lodging, expert witness fees, costs of mediation and photocopying. The totals for each category are reasonable given the complexity and duration of this action. Further, no objections have been received regarding the requested reimbursement of litigation expenses from the settlement fund. I find

that it is appropriate to reimburse plaintiffs' counsel for their litigation expenses

## III.    Case Contribution Award

I find that it is appropriate to pay a case contribution award to representative plaintiff in the amount of $2,500 from the settlement fund.  No objections to the request were received and the amount requested is a modest sum relative to the $4 million overall settlement fund. Approving contribution or incentive awards is common, especially when the settlement establishes a common fund.  See Sullivan v. DB Investments, Inc., 667 F. 3d 273, 333 n.65 (3d Cir. 2011).  "The purpose of these payments is to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation, and to reward the public service of contributing to the enforcement of mandatory laws."  Id.

The requested case contribution award reflects representative plaintiff's involvement in the prosecution of this case.  He provided counsel with documents and information regarding his loan and the imposition of private mortgage insurance, responded to discovery requests and regularly communicated with his attorneys regarding this action.  In so doing, representative plaintiff contributed to the enforcement of the  Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 et seq.

An appropriate Order follows.